■ In the Matter of RICHARD CRANE, Appellant, v STATE OF NEW YORK, EXECUTIVE DEPARTMENT, CRIME VICTIMS BOARD, Respondent. [755 NYS2d 326] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered November 19, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

In a decision mailed to petitioner on April 25, 2001, a three-member panel of respondent upheld on various grounds the dismissal of petitioner's claim of compensation for personal property purportedly stolen when he was evicted from an apartment in New York City over 20 years earlier (*see* Executive Law § 628 [3]). Petitioner prepared a petition pursuant to CPLR article 78 challenging respondent's determination (*see* Executive Law § 629 [1]). He failed, however, to properly file the petition until October 1, 2001 and, thereafter, attempted to effect service by certified mail. Respondent moved to dismiss

asserting, inter alia, that the proceeding was time-barred and that Supreme Court lacked personal jurisdiction over respondent. Supreme Court granted the motion and dismissed the petition. Petitioner appeals.

We affirm. Proceedings pursuant to CPLR article 78 are generally governed by a four-month statute of limitations (*see* CPLR 217 [1]; *Matter of Malkin v Crime Victims Bd. of State of N.Y.*, 211 AD2d 567 [1995], *lv denied* 86 NY2d 701 [1995]). Here, it is undisputed that petitioner received respondent's decision no later than April 30, 2001, but he did not commence this proceeding until approximately five months later. His reference to the tragedies of September 11, 2001 as a ground for extending the statute of limitations is devoid of merit since the period for commencing a timely proceeding had expired prior to such date. The proceeding was not commenced in a timely fashion and, thus, Supreme Court properly dismissed the petition. The remaining arguments are academic.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.